## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-34028 |
| | ) | |
| NORTHSTAR OFFSHORE GROUP, L.L.C., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Marvin Isgur |
| | ) | |
| | ) | |
| JAMES KATCHADURIAN, LITIGATION TRUSTEE, | ) | Adv. No. 18-03366 |
| | ) | |
| | ) | Judge Marvin Isgur |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BP ENERGY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant BP Energy Company ("BP"), by and through counsel, for its Answer to the Second Amended Complaint to Avoid and Recover Preferential and Fraudulent Transfers (the "Complaint"), filed by Plaintiff James Katchadurian, Litigation Trustee (the "Trustee"), admits, denies, and avers as follows:

1.     The allegations in paragraph 1 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

2.     BP admits the allegations in paragraph 2 of the Complaint.

3.     BP is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 3 of the Complaint and therefore denies the same.

4.     BP admits that it is a Delaware corporation, and that its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

Delaware 19801.   The remaining allegations contained in paragraph 4 of the Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, BP denies the same.

5.      BP denies the allegations contained in paragraph 5 of the Complaint to the extent they relate to BP.   BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and therefore denies the same.

6.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the same.

8.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the same.

10.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the same.

13.      BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the same.

14.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies the same.

21.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies the same.

22.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies the same.

23.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies the same.

26.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies the same.

27.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies the same.

28.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies the same.

29.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies the same.

31.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32.     BP admits that John Hoffman was, at some period in the past, an employee of a BP entity.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint and therefore denies the same.

33.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies the same.

34.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies the same.

35.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies the same.

36.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies the same.

37.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same.

38.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies the same.

39.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies the same.

40.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies the same.

41.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and therefore denies the same.

42.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies the same.

43.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies the same.

44.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies the same.

45.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies the same.

46.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies the same.

47.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 47 of the Complaint and therefore denies the same.  As to the second sentence of paragraph 47, BP admits that there were a series of emails between Weiner and certain BP employees, but denies the remaining allegations, inferences, implications, and characterizations contained in the second sentence of paragraph 47. As to the third sentence of paragraph 47, BP admits that Maloy, Alcorn, and MacMillan were not specific addresses on email correspondence dated January 19, 2016, but denies the remaining allegations, inferences, implications and characterizations contained in the third sentence of paragraph 47.  As to the fourth sentence of paragraph 47, BP admits that a January 19, 2016 email was sent, but denies the inaccurate paraphrasing of the contents of the email and further denies the remaining allegations, inferences, implications, and characterizations contained in the fourth sentence of paragraph 47.  As to the fifth sentence of paragraph 47, BP denies the chronology and inaccurate paraphrasing of the email and further denies the remaining allegations, inferences, implications, and characterizations contained in the fifth sentence of paragraph 47.  BP admits the allegations contained in the sixth sentence of paragraph 47.  BP admits the allegations contained in the seventh sentence (quoted language inclusive) of paragraph 47 of the Complaint.  BP admits the allegations contained in the eighth sentence of paragraph 47 of the Complaint.  BP denies the allegations contained in the last sentence of paragraph 47 of the Complaint.  BP denies all remaining allegations, inferences, implications, and characterizations contained in paragraph 47 not specifically admitted herein.

48.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 48 of the Complaint and therefore denies the same.  BP admits the allegations contained in the second and third sentences of

paragraph 48 of the Complaint.  BP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 48 of the Complaint and therefore denies the same.

49.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies the same.

50.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 50 of the Complaint and therefore denies the same.  BP denies all allegations, inferences, implications, and characterizations contained in the second sentence of paragraph 50 of the Complaint inconsistent with the terms of the applicable commodity swap agreement.  BP admits that it paid $3,227,171.00 to debtor in accordance with the commodity swap agreement on February 22, 2016.  BP denies all remaining allegations contained in paragraph 50 of the Complaint.

51.     BP denies all allegations, inferences, implications and characterizations contained in paragraph 51 of the Complaint inconsistent with the terms of the commodity swap agreement. BP denies all remaining allegations contained in paragraph 51 of the Complaint, including that the terms of the commodity swap agreement were "irregular."

52.     BP denies the allegations contained in paragraph 52 of the Complaint insofar as the settlement payments are characterized as repayments.  BP denies all allegations, inferences, implications, and characterizations contained in paragraph 52 of the Complaint inconsistent with the terms of the commodity swap agreement.  BP denies the allegations contained in the last sentence of paragraph 52 of the Complaint.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint and therefore denies the same.

53.     BP admits receiving wires dated May 20, 2016 in the amount of $452,375.00; June 21, 2016 in the amount of $514,767.00; and July 28, 2016 in the amount of $781,648.00. BP denies all remaining allegations, inferences, implications, and characterizations contained in paragraph 53 of the Complaint.

54.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore denies the same.

55.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and therefore denies the same.

56.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies the same.

57.     BP denies the allegations contained in paragraph 57 of the Complaint insofar as the settlement payments are characterized as repayments.  BP denies all allegations, inferences, implications, and characterizations contained in paragraph 57 of the Complaint inconsistent with the terms of the commodity swap agreement.  BP admits that it paid $1,574,876.00 to Debtor in accordance with the commodity swap agreement on June 6, 2016.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint and therefore denies the same.

58.     BP admits receiving a wire dated July 28, 2016 in the amount of $781,648.00.  BP denies all remaining allegations, inferences, implications, and characterizations contained in paragraph 58 of the Complaint.

59.     BP admits that a settlement payment was due and owing on June 21, 2016.  BP denies the allegations of paragraph 59 of the Complaint insofar as settlement payments are

characterized as repayments.  BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies the same.

60.      BP admits receiving a wire dated July 28, 2016 in the amount of $781,648.00.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint and therefore denies the same.

61.      BP denies the allegations contained in the first four sentences of paragraph 61 of the Complaint.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint and therefore denies the same.

62.      BP denies the allegations contained in paragraph 62 of the Complaint.

63.      BP denies the allegations contained in paragraph 63 of the Complaint.

64.      BP denies the allegations contained in the first two sentences of paragraph 64 of the Complaint.   As to the third sentence of paragraph 64, BP admits to the specific email referenced, but denies the implications and characterizations arising therefrom.  BP denies the remaining allegations contained in paragraph 64 of the Complaint to the extent they relate to BP and/or to the extent they relate to the characterization of the commodity swap agreements.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies the same.

65.      Paragraph 65 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.  Answering further, BP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies the same.

66.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies the same.

67.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies the same.

68.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies the same.

69.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies the same.

70.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies the same.

71.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies the same.

72.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies the same.

73.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and therefore denies the same.

74.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and therefore denies the same.

75.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore denies the same.

76.     BP admits receiving wires dated May 20, 2016 in the amount of $452,375.00; June 21, 2016 in the amount of $514,767.00; and July 28, 2016 in the amount of $781,648.00. With respect to any allegation contained in paragraph 76 of the Complaint that characterizes the

commodity swap agreements as loans, BP denies such allegations.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 of the Complaint and therefore denies the same.

77.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore denies the same.

78.     BP denies that it is obligated to return the alleged transfers.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the Complaint and therefore denies the same.

79.     BP denies that the alleged transfers were not pursuant to commodity contracts as defined by section 761(4) of the Bankruptcy Code.  BP denies that the transactions were short-term, high interest loans labeled commodity swap agreements intended to disguise an allegedly usurious amount of interest.  The remaining allegations in paragraph 79 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

80.     BP admits that the alleged transfers were made between May 14, 2016 and August 12, 2016.  The remaining allegations in paragraph 80 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

81.     BP denies the allegations contained in paragraph 81 of the Complaint insofar as the transactions are sought to be characterized as "loans" and/or "repayments." The remaining allegations in paragraph 81 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

82.     BP admits that the alleged transfers were made in accordance with the February 2016 and June 2016 commodity swap agreements.  The remaining allegations in paragraph 82 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

83.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations that Debtor was in fact insolvent within the meaning of section 101(32) of the Bankruptcy Code.  The remaining allegations in paragraph 83 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

84.     BP denies the allegations contained in paragraph 84 of the Complaint.

85.     BP denies the allegations contained in paragraph 85 of the Complaint.

86.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint and therefore denies the same.

87.     BP admits receiving wires dated May 20, 2016 in the amount of $452,375.00; June 21, 2016 in the amount of $514,767.00; and July 28, 2016 in the amount of $781,648.00. BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the Complaint and therefore denies the same.

88.     BP denies the allegations contained in the last sentence of paragraph 88 of the Complaint.  BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 of the Complaint and therefore denies the same.

89.     BP denies the allegations contained in paragraph 89 of the Complaint.

90.     BP denies the allegations contained in paragraph 90 of the Complaint.

91.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and therefore denies the same.

92.     BP admits receiving wires dated May 20, 2016 in the amount of $452,375.00; June 21, 2016 in the amount of $514,767.00; and July 28, 2016 in the amount of $781,648.00. BP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 of the Complaint and therefore denies the same.

93.     BP denies the allegations contained in paragraph 93 of the Complaint.

94.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint and therefore denies the same.

95.     BP denies that the Trustee is entitled to recover the alleged transfers in the amount of $1,425,829.00 plus costs and interest thereon until the date of payment.  The remaining allegations in paragraph 95 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

96.     BP is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Trustee has suspended or will suspend distributions to BP until BP returns the alleged transfers.  The remaining allegations in paragraph 96 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

97.     The allegations in paragraph 97 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, BP denies the same.

98.     BP denies all allegations in the Complaint not specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

1.      BP denies generally, specifically, and/or for want of knowledge or sufficient information each and every allegation contained in the Complaint not herein specifically and expressly admitted to be true.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      The alleged transfers are not avoidable because they were margin payments (as defined in section 101, 741, or 761 of the Bankruptcy Code) or settlement payments (as defined in section 101 or 741 of the Bankruptcy Code) made by or to or for the benefit of a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency made before the commencement of the case.

4.      The alleged transfers are not avoidable because they were transfers made by or to or for the benefit of a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency in connection with a securities contract (as defined in section 741(7)), a commodity contract (as defined in section 761(4)) or forward contract made before the commencement of the case.

5.      The Trustee's claims are barred by 11 U.S.C. § 546(e).

6.      The alleged Transfers are not avoidable because they were made by, to, or for the benefit of a swap participant or financial participant under or in connection with a swap agreement made before the commencement of the case.

7.      The Trustee's claims are barred by 11 U.S.C. § 546(g).

8.      The alleged transfers are not avoidable because they were intended by Debtor and BP to be contemporaneous exchanges for new value given to Debtor, and were in fact substantially contemporaneous exchanges.

9.      The alleged transfers are not avoidable because they were payments of debts incurred by Debtor in the ordinary course of business or financial affairs of Debtor and BP, and such transfers were either made in the ordinary course of business or financial affairs of Debtor and BP or made according to ordinary business terms.

10.     The alleged transfers are not avoidable because subsequent to the alleged transfers, Defendant provided new value consistent with section 547(c)(4) of the Bankruptcy Code.

11.     The alleged transfers are not avoidable because BP took them for value and in good faith, such that BP gave value to Debtor in exchange for such transfers.

12.     The Trustee's claims are barred by the doctrine of *in pari delicto*.

13.     The Trustee's claims are barred by the doctrine of unclean hands.

14.     The Trustee's claims are barred by the doctrine of laches.

15.     The Trustee is estopped to assert and recover on the claims stated in the Complaint.

16.     The Trustee has waived his right to assert the claims stated in the Complaint.

17.     The Debtor failed to preserve the claims asserted in the Complaint.

18.     The Trustee lacks standing to raise the claims asserted in the Complaint.

19.     BP intends to rely on such other and further defenses as may become available or apparent during the discovery process in this action, and reserves the right to amend its answer to assert any such defenses.  The assertion of the above defenses by BP is not intended, and should not be deemed or construed, to alter or shift any burden of proof the Trustee may have in connection with the claims asserted in the Complaint.

## PRAYER FOR RELIEF

WEREFORE, BP respectfully requests that the Court dismiss the Trustee's Complaint, award BP its expenses incurred herein, including attorneys' fees and costs, and award such other and further relief as it may deem just and proper.

Dated: July 26, 2019

/s/ *John J. Sparacino*
John J. Sparacino
Texas State Bar No. 18873700
Federal I.D. No. 12551
VORYS, SATER, SEYMOUR AND PEASE LLP
700 Louisiana Street, Suite 4100
Houston, Texas 77002
(713) 588-7038
(713) 588-7080 (facsimile)
jjsparacino@vorys.com

*Attorney for Defendant BP Energy Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 26, 2019, a copy of the foregoing Answer and Affirmative Defenses was served on those parties entitled to notice via this Court's ECF system.

/s/ *John J. Sparacino*

John J. Sparacino

*Attorney for Defendant BP Energy Company*